**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 10 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

WEI MIN LIN,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.   16-73638

Agency No. A208-931-003

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 5, 2020[**]

Before:      SCHROEDER, HAWKINS, and LEE, Circuit Judges.

Wei Min Lin, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's decision denying her application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT").  We have

jurisdiction under 8 U.S.C. § 1252.  We review de novo questions of law, and we

---

        [*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        [**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review for substantial evidence the agency's factual findings. *Fakhry v. Mukasey*, 524 F.3d 1057, 1062 (9th Cir. 2008). We grant in part and deny in part the petition for review, and we remand.

As to asylum and withholding of removal, the record compels the conclusion that the cumulative harm Lin suffered in China rose to the level of persecution. *See Guo v. Sessions*, 897 F.3d 1208, 1213-17 (9th Cir. 2018) (finding petitioner suffered past persecution because of his religious beliefs where he was detained, beaten, forced to sign a document promising not to attend a home church, and required to report to the police weekly); *see also Guo v. Ashcroft*, 361 F.3d 1194, 1203 (9th Cir. 2004) (totality of the circumstances compelled finding of persecution). Thus, we grant the petition for review as to Lin's asylum and withholding of removal claims, and remand to the agency for further proceedings consistent with this disposition. *See Guo*, 897 F.3d at 1217 (finding petitioner was entitled to a presumption of future persecution and remanding to the BIA to determine in the first instance whether the government could rebut the presumption for his asylum and withholding claims); *see also INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Substantial evidence supports the agency's denial of CAT relief because Lin failed to show it is more likely than not she will be tortured by or with the consent or acquiescence of the government if returned to China. *See Aden v. Holder*, 589

16-73638

F.3d 1040, 1047 (9th Cir. 2009); *see also Guo*, 897 F.3d at 1217 (insufficient likelihood of torture).

The government shall bear the costs for this petition for review.

**PETITION FOR REVIEW GRANTED in part; DENIED in part; REMANDED.**